IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRITTANY HOAK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:17-CV-1425-L (BT) |
| | § | |
| SUNRISE FREIGHT | § | |
| SYSTEMS, INC., et al, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Brittany Hoak's Motion to Remand [ECF No. 6]. The District Court referred this motion to the United States Magistrate Judge for proposed findings and recommendations for disposition of the motion. Order of Reference [ECF No. 8]. For the reasons stated below, the District Court should GRANT Plaintiff's Motion to Remand.

## BACKGROUND

This case arises from a motor vehicle accident that took place on November 1, 2016. Original Pet. 3 [ECF No. 1-1]. Plaintiff filed her Original Petition in the 192nd Judicial District Court of Dallas County, Texas, on

1

April 19, 2017, against Sunrise Freight Systems, Inc. ("Sunrise"), Singh Iqbal ("Iqbal"), and Carlos Hernandez ("Hernandez") (collectively, "Defendants"). Original Pet. 1. Plaintiff alleges that Iqbal, while driving a tractor-trailer during the course of his employment with Sunrise, hit Plaintiff's vehicle, which caused her vehicle to spin around and collide with another vehicle driven by Hernandez. Original Pet. 3-4. Plaintiff alleges that she sustained severe physical and emotional injuries from this accident. Original Pet. 3.

Sunrise removed this case to federal district court on May 30, 2017, based on diversity jurisdiction. Notice of Removal 2 [ECF No. 1]. The Notice of Removal asserts that: (1) Plaintiff is a citizen of Texas; (2) Sunrise is a foreign corporation with its principal place of business in Ontario, Canada; (3) Iqbal is "purportedly" a citizen of Canada; and (4) Hernandez is "purportedly" a citizen of Texas. Notice of Removal 2. Sunrise contends that Iqbal's citizenship should be disregarded for purposes of determining diversity jurisdiction, because he was improperly joined in this action to defeat jurisdiction. More specifically, Sunrise contends that Plaintiff fails to allege sufficient facts to support a negligence claim against Hernandez.

On June 29, 2017, Plaintiff filed her Motion to Remand arguing that

this case should be remanded to the 192nd Judicial District Court of Dallas County, Texas, because Sunrise failed to properly assert diversity jurisdiction, and also because Sunrise failed to show that Hernandez was improperly joined. Mot. to Remand 5-6. Sunrise filed a response to the Motion, and Plaintiff filed a reply and a supplemental brief in support of her Motion. The Motion is ripe for determination.

## STANDARD OF REVIEW

### Diversity Jurisdiction

A civil action pending in state court may be removed by a defendant to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). However, the original jurisdiction of federal courts is limited. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts only possess power authorized by the Constitution and statute. *See id.* The party "invoking federal court removal jurisdiction, bear[s] the burden of establishing that th[e] court has jurisdiction over the claims." *Samsung Austin Semiconductor, LLC v. Integrated Airline Servs.*, 2013 WL 105380, at *2 (N.D. Tex. Jan. 9, 2013) (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)). "[B]ecause the effect of

3

removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns. . . . The court, therefore, must strictly construe the removal statute." *Integrated Airline Servs.*, 2013 WL 105380, at *2. "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

Title 28, United States Code, Section 1332(a)(1) confers federal jurisdiction to district courts over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "Under § 1332, 'citizens of different States' means that each plaintiff is diverse from each defendant." *Oldham v. Nationwide Ins. Co.*, 2014 WL 3855238, at *3 (N.D. Tex. Aug. 5, 2014) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). However, under Title 28, United States Code, Section 1441(b)(2), "even if a civil action falls within the diversity jurisdiction of the federal courts, it may not be removed if any of the defendants is a citizen of the state in which the action is pending." *Oldham*, 2014 WL 3855238, at *3 (citing 28 U.S.C. § 1441(b)(2)). "'When jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged.'" *Philadelphia*

4

*Indem. Ins. Co. v. Episcopal Diocese of Ft. Worth*, 2011 WL 3510848, at *2 (N.D. Tex. Aug. 10, 2011) (quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)). Absent such an allegation, "'[the court] must presume that [the] suit lies outside th[e federal court's] limited jurisdiction.'" *Pennie v. Obama*, 255 F. Supp. 3d 648, 671 (N.D. Tex. 2017) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)).

<u>Improper Joinder</u>

The Fifth Circuit has "recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). In the absence of actual fraud, the test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the

5

inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.* Furthermore, "[o]nly the possibility of recovery, not the motive of the plaintiff behind joining the non-diverse defendant, is relevant." *Oldham*, 2014 WL 3855238, at *3 (citing *Smallwood*, 385 F.3d at 574).

In "predicting whether a plaintiff has a reasonable basis of recovery under state law[,]" a court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant[,]" or if the plaintiff "has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder[,]" the court "may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* "The burden to show improper joinder is on the removing party, and is a heavy one." *Oldham*, 2014 WL 3855238, at *3 (citing *Cuevas v. BAC Home Loans Servicing, L.P.*, 648 F.3d 242, 249 (5th Cir. 2011)).

In March of 2013, the Texas Supreme Court adopted Rule 91a of the Texas Rules of Civil Procedure, which provides in pertinent part that:

a party may move to dismiss a cause of action on the grounds

6

> that it has no basis in law or fact. A cause of action has no basis
> in the law if the allegations, taken as true, together with
> inferences reasonably drawn from them, do not entitle the
> claimant to the relief sought. A cause of action has no basis in
> fact if no reasonable person could believe the facts pleaded.

TEX. R. CIV. P. 91a. The Fifth Circuit has subsequently stated that a "federal court must apply the federal pleading standard" in conducting its improper joinder analysis. *See Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

<u>Rule 12(b)(6)</u>

In order to survive a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d at 210 (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). However, the Court does "'not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). In addition, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

<u>Negligence</u>

"The elements of a negligence cause of action in Texas are: (1) the existence of a legal duty; (2) a breach of that duty; and (3) damages proximately caused by that breach." *Xiumin Li v. Genetech, Inc.*, 2017 WL

6886720, at \*10 (N.D. Tex. Dec. 20, 2017) (citing *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540-41 (5th Cir. 2005); *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)). "A legal duty is a general obligation imposed by law 'apart from and independent of promises made and . . . the manifested intentions of the parties-to avoid injury to others." *Xiumin Li*, 2017 WL 6886720, at \*10 (citing *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 496 (Tex. 1991)). "In determining whether a legal duty exists, Texas courts consider several interrelated factors, including the risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant." *Holland v. United States*, 2017 WL 3480372, at \*4 (N.D. Tex. Aug. 14, 2017) (citing *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 729 (5th Cir. 2002); *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)) (internal quotation marks omitted). "'It is the general duty of every driver to keep his car under control, drive at a reasonable speed, and to keep a lookout for others.'" *Holland*, 2017 WL 3480372, at \*4 (quoting *Alvis v. United States*, 2016 WL 1732659, at \*4 (N.D. Tex. May 2, 2016); citing *Wendelken v.*

9

*McMurray*, 388 F.2d 553, 556 (5th Cir. 1967)).

"Proximate cause is composed of two components: cause-in-fact and foreseeability." *Holland*, 2017 WL 3480372, at *4 (citing *Smith v. Christus Saint Michaels Health Sys.*, 496 F. App'x 468, 470 (5th Cir. 2012); *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992)). "Cause-in-fact is shown when, by a preponderance of the evidence, the negligent act or omission is shown to be a substantial factor in bringing about the harm and without which the harm would not have occurred." *Holland*, 2017 WL 3480372, at *4 (quoting *Smith*, 496 F. App'x at 470; *Kramer v. Lewisville Mem'l Hosp.*, 858 S.W.2d 397, 399-400 (Tex. 1993)) (internal quotation marks omitted). "'An act is foreseeable if the actor, as a person of ordinary intelligence, should have anticipated the dangers that his negligent act created for others.'" *Holland*, 2017 WL 3480372, at *4 (quoting *Travis*, 830 S.W.2d at 98). "'Liability is grounded in the public policy behind the law of negligence [that] dictates every person is responsible for injuries which are the reasonably foreseeable consequence of his act or omission.'" *Holland*, 2017 WL 3480372, at *4 (quoting *Strakos v. Gehring*, 360 S.W.2d 787, 794 (Tex. 1962)).

## ANALYSIS

Plaintiff contends that this case should be remanded, because she has adequately alleged a claim against in-state defendant Hernandez. *See* Mot. to Remand 6-10; Original Pet. 3 & 7. Sunrise argues that Hernandez's citizenship should be disregarded for diversity purposes, because Plaintiff's "potential negligence" claim against Hernandez lacks well-pleaded facts for the elements of duty, breach, or proximate cause. Resp. 1 [ECF No. 9].

Although Plaintiff's Petition inartfully states that Hernandez was "potentially negligent," this is a legal conclusion. *See* Original Pet. 7. "[The Court] do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer*, 484 F.3d at 780 (internal quotation marks omitted). The court looks to the Petition to assess whether Plaintiff pleads adequate underlying facts to support a negligence claim against Hernandez. Here, Plaintiff alleges that, after the initial impact from Iqbal's vehicle, Plaintiff's "car [wa]s then hit again on the right rear passenger side by a second vehicle driven by Defendant Hernandez[,]" and that while "[t]he second impact [wa]s a lesser impact than the first, [it was] still a hard impact." Original Pet. 3. Plaintiff further alleges that the "additional contact with [her] car after she was hit and spun around by the 18-Wheeler . . . proximate[ly] cause[d] [her] lesser injuries[.]" Original Pet.

11

3. The court construes these factual allegations in a light most favorable to Plaintiff and finds that Plaintiff sufficiently stated a claim against Hernandez.

Plaintiff also argues that Sunrise failed to properly assert diversity jurisdiction, because the Notice of Removal alleges that Iqbal is "purportedly" a citizen of Canada. Notice of Removal 2. As discussed, "'[w]hen jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged.'" *Philadelphia Indem. Ins. Co.*, 2011 WL 3510848, at *2 (quoting *McGovern*, 511 F.2d at 654). Defendant's allegation as to Iqbal's "purported" citizenship does not satisfy this requirement. *See Pennie*, 255 F. Supp. 3d at 671 ("Plaintiffs' allegations pertaining to the citizenship of each Defendant are all made '[o]n information and belief,' which is inadequate 'since citizenship must be distinctly and affirmatively alleged.'") (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)). Given this deficiency, "'[the court] must presume that [the] suit lies outside th[e federal court's] limited jurisdiction.'" *Pennie*, 255 F. Supp. 3d at 671 (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)).

## <u>RECOMMENDATION</u>

For the foregoing reasons, the District Court should GRANT

Plaintiff's Motion to Remand [ECF No. 6] and remand this case back to the

192nd Judicial District Court of Dallas County, Texas.

**SO RECOMMENDED**.

February 12,  2018.

_Rebecca Rutherford_
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).