IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRITTANY HOAK,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:17-CV-1425-L** |
| | § | |
| **SUNRISE FREIGHT SYSTEMS, INC.;** | § | |
| **SINGH IQBAL; and CARLOS** | § | |
| **HERNANDEZ,** | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the court is Plaintiff's Motion to Remand (Doc. 6), filed June 29, 2017. On June 30, 2017, the court referred the motion to the Honorable Paul D. Stickney, former United States Magistrate Judge (Doc. 8), who has since retired. On February 12, 2018, the Honorable United States Magistrate Judge Rebecca Rutherford, Judge Stickney's replacement, filed the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (Doc. 18) ("Report"). Judge Rutherford recommended that the motion be granted and that the action be remanded to the 192nd Judicial Court of Dallas County, Texas. No objections to the Report were filed within the 14-day period after service of the Report pursuant to Federal Rule of Civil Procedure 72(b)(2).

This is a negligence action involving a motor vehicle accident. Plaintiff Brittany Hoak ("Hoak") contends that Sunrise Freight Systems, Inc. ("Sunrise"), Singh Iqbal ("Iqbal"), and Carlos Hernandez ("Hernandez") are liable for the injuries she sustained in a motor vehicle accident on November 1, 2016, in Irving, Texas, on Highway 183.

The issues to be determined are whether: (1) Hoak has pleaded sufficient allegations for the court to determine that a reasonable basis existed for the court to predict that she might be able

**Order – Page 1**

to recover against Hernandez, the in-state defendant, on her negligence claim, and (2) Sunrise has set forth sufficient allegations to show that complete diversity of citizenship exists between the parties. The Magistrate Judge held that Hernandez was not improperly joined because Hoak pleaded sufficient facts for a court to predict that she might be able to recover against Hernandez, and that the allegations regarding Iqbal's "purported" citizenship were not "distinctly and affirmatively alleged," which caused her to presume that complete diversity of citizenship between the parties did not exist and that this action lay outside the limited jurisdiction of the federal courts.

After careful consideration of the Report and record in this case, the court **concludes** that the findings and conclusions of the Magistrate Judge are correct, and they are accepted as those of the court. Accordingly, the court lacks jurisdiction to hear this action, **grants** Plaintiff's Motion to Remand (Doc. 6), and **remands** this action to the 192nd Judicial District Court of Dallas County, Texas. The court **directs** the clerk of court to effect this remand in accordance with the usual procedure. The court further **directs** the clerk to send a copy of this order to Mr. Hernandez's attorney by regular mail to the following addresses: Ms. Jessica Stettler, Law Offices of Fanaff, Hoagland, Clark & Gonzales, 433 East Las Colinas Boulevard, Suite 700, Irving, Texas 75039; and P.O. Box 258829, Oklahoma City, Oklahoma 73125-8829.

**It is so ordered** this 28th day of February, 2018.

Sam A. Lindsay
United States District Judge